```
 1  Todd J. Roberts, Esq. SBN 181945
    LAW OFFICES OF TODD J. ROBERTS
 2  16601 Ventura Boulevard
    Fourth Floor
 3  Encino, CA 91436
    Tel. (818) 906.8000
 4  Fax (818) 906.8099

 5  Attorney for Debtor/Movant
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re<br><br>LEONARDA G AGUILAR,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor/Movant. | Chapter 13<br><br>Case No. SV 10-14247 KT<br><br>NOTICE OF DEBTOR'S MOTION AND MOTION FOR VALUATION OF SECURITY; DETERMINATION OF SECURED STATUS AND AVOIDANCE OF LIEN AND MODIFICATION OF RIGHTS OF JUNIOR LIEN HOLDER, BANK OF AMERICA, N.A., ITS ASSIGNEES, TRANSFEREES AND/OR SUBSEQUENT SUCCESSOR(S) IN INTEREST, (11 U.S.C. §§506(a) AND 1322(b); FRBP 3012); MEMORANDUM OF POINTS AUTHORITIES; AND DECLARATIONS OF DEBTOR, LEONARDA AGUILAR AND CALIFORNIA LICENSED REAL ESTATE APPRAISER, SHAHRAM FAHIMDEJBAN IN SUPPORT THEREOF.<br><br>DATE:    July 6, 2010<br>TIME:    9:00 A.M.<br>PLACE:   Courtroom 301<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA |

TO: THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE; ELIZABETH ROJAS, CHAPTER 13 TRUSTEE; BANK OF AMERICA, N.A., (SECOND/JUNIOR DEED OF TRUST), ITS ASSIGNEES, TRANSFEREES AND/OR SUCCESSOR(S) IN INTEREST, IF ANY, RESPONDENT; AND ALL OTHER

**PARTIES OF INTEREST:**

**PLEASE TAKE NOTICE THAT** at the above date, time and place, the Debtor, Leonarda Aguilar, by and through counsel, Todd J. Roberts, will move the Court for a valuation of security under Rule 3012 of the Federal Rules of Bankruptcy, a determination of secured status under 11 U.S.C. §506(a) and avoidance of junior lien and modification of the rights of lien holder under 11 U.S.C. §1322(b)(2) & 506(d).

This Motion is based upon this Notice of Motion, the attached memorandum of points and authorities, the case file, the attached declarations of Leonarda Aguilar, debtor, (the "debtor") and Shahram Fahimdejban, California licensed real estate appraiser, (the "appraiser") and any such other evidence as may be presented at or before the hearing.

**Pursuant to Local Rule 9013-1(a)(7), any response to this motion shall be filed with the Clerk of the Court and served on all interested parties no later than fourteen (14) days prior to the above hearing date. Failure to do so may be deemed as a waiver of the objection to the foregoing.**

Dated:    June 10, 2010

Respectfully submitted by,

LAW OFFICES OF TODD J. ROBERTS

By: _____
Todd J. Roberts
Attorney for Debtor/Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1. The instant bankruptcy case was commenced on April 13, 2010, by the filing of a Chapter 13 voluntary petition by Leonarda Aguilar, (the "debtor").

2. One of the main assets of the estate and the subject matter of this motion is the debtor's primary residence, a single family residence located at 13781 Eldridge Avenue, Sylmar, CA 91342 (the "subject property").

3. The debtor acquired the subject property in or around April, 2006.

4. Upon commencement of the instant case, the debtor was indebted to Ocwen Loan Servicing, LLC a (hereinafter "Ocwen") the beneficial holder of a note secured by a first deed of trust. The first position note held by Ocwen, as of the filing date of April 13, 2010 has an outstanding principal balance of approximately $990,732.14 inclusive of interest and late charges as evidenced by the most recent billing statement in debtor's possession dated December 17, 2008 and its recorded deed of trust. Please see Aguilar Declaration **Exhibit "A"**, attached hereto.

5. The second position note secured by Bank of America, N.A as a successor to Countrywide Home Loans, (hereinafter "Respondent") and has an outstanding principal balance inclusive of late charges and accrued interest of $119,969.76 as evidenced by its most recent billing statement in the debtor's possession dated February 20, 2009. Please see Aguilar Declaration, **Exhibit "B"**, attached hereto. The first and second position lenders are and

have been at all times secured by legally recorded Deeds of Trust recorded against the subject property.

5. The debtor asserts and the attached evidence illustrates that the fair market value of the subject property is merely $575,000.00, [1] which is approximately $415,000.00 **less** than the total payoff balanced owed to Ocwen in the sum of approximately $990,000.00, as first trust deed holder. See <u>Aquilar</u> Declaration, **Exhibit "A."** See also, <u>Fahimdejban</u> Declaration, **Exhibit "A"** establishing the fair market value of the subject property as $575,000.00 as of March 12, 2009.

6. Valuation of the security at this time is necessary for the purpose of extinguishing the second trust deed holder's junior lien asserted by claimant, Countrywide Home Loans (Respondent), and modifying said claimant's rights.

III.

LEGAL DISCUSSION

A. <u>Debtor seeks a determination of the value of the property.</u>

Rule 1001 of the Federal Rules of Bankruptcy Procedure states that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." The objective of "expeditious and economical administration" of cases under the Bankruptcy Code has frequently been recognized by the courts to be "a chief purpose of the bankruptcy laws." See <u>Katchen</u>

---

[1] The value of $575,000.00 was derived from an apprisal dated March 12, 2009, however, as noted in the appraiser's declaration, attached hereto, the property value has not substantially changed since the petition date and is upside down as to the *senior* by more than $400,000.00.

-4-

1  <u>v. Land</u>, 382 U.S. 323, 328 (1966).

2  With this goal in mind and pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP") whereby "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest, on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct," the debtors request that this Court determine the value of the subject property to be $575,000.00.   Please see <u>Fahimdejban</u> Declaration, **Exhibit "A"**, attached hereto.

FRBP 3012 implements Section 506(a) of the Bankruptcy Code with respect to valuation of a secured claim in order to determine the extent to which it is secured and the extent to which it is unsecured.  The debtor seeks to extinguish the claimant's lien to the extent permitted under Sections 506(a) & (d), 1322(b)(2) and 1325 by so providing in the debtor's plan.

B.    <u>**The debtor seeks a determination of the extent of the secured claim held by Respondent**</u>.

Pursuant to 11 U.S.C. §506(a), "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest,...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim."

In other words, Section 506(a) separates an undersecured creditor's claim into two parts: a secured claim to the extent of the value of the collateral; and an unsecured claim for the balance

-5-

1  of the claim.

2  Additionally, 11 U.S.C. §506(d) states that, "To the extent
3  that a lien secures a claim against the debtor that it is not an
4  allowed secured claim, such lien is void."

5  Section 506 is a section of general applicability and a
6  Chapter 13 case allows bifurcation of a claim into secured and
7  unsecured portions. <u>Wilson v. Commonwealth Mortgage Corp.</u>, 895
8  F.2d 123, 22 C.B.C 561 (3rd Cir. 1990).

9  Since the total of the consensual mortgage lien of Ocwen, the
10 first trust deed holder, is undersecured (as the secured value is
11 greater than the value of their security interest), necessarily,
12 the second trust deed holder's interest held by Respondent is
13 totally unsecured.

14 **C.  <u>A wholly unsecured mortgage lien holder's rights may be
15      modified under 11 U.S.C. §1322(b)(2).</u>**

16 Many courts, even prior to the passage of the Reform Act of
17 1994, had already held that <u>Nobleman v. American Savings Bank</u>, 13
18 S.Ct. 2106 (1993) was inapplicable when senior liens were in excess
19 of the fair market value of the property. Therefore, the instant
20 case would fall outside the protection otherwise afforded by
21 <u>Nobleman</u>, because claimant's lien is wholly unsecured.

22 The passage of the Bankruptcy Reform Act of 1994 and the
23 subsequent passage and enactment of the Bankruptcy Abuse Prevention
24 and Consumer Protection Act of 2005 (BAPACPA) did not change the
25 ability of lien stripping of a wholly unsecured creditor. It
26 merely provided that a loan which fully matured prior to the filing
27 of the Chapter 13 petition, or a loan which matures during the life
28 of the plan, may be paid through the plan. 11 U.S.C. § 1322(b)(2).

Under <u>Nobleman</u>, a lien cannot be stripped if any portion of the interest was secured. Thus, by implication, when a lien is wholly unsecured, it can be stripped. Courts have consistently distinguished between <u>Nobleman</u> and facts involving a wholly unsecured lien holder. In fact, most reported decisions have rejected the proposition that <u>Nobleman</u> prohibits modification of a totally unsecured lien on a Chapter 13 debtor's principal residence. These Courts, along with the 9th Circuit Bankruptcy Appellate Panel, interpret <u>Nobleman</u> to require the existence of an allowable secured claim as the predicate for the protection from modification in 11 U.S.C. §1322(b)(2).

In the 9th Circuit Bankruptcy Appellate Panel Case, <u>In re Lam</u>, the Court held that:

> The <u>Nobleman</u> decision holding that section 1322(b)(2) bars a chapter 13 plan from modifying the rights of holders of claims, secured only by the debtor's principal residence, does not apply to holders of totally unsecured claims. The extension of the protections of section 1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code allowing dischargeability of unsecured claims.

In <u>In re Lam</u>, 121 B.R. 36, 41 (9th Cir. B.A.P. 1997), the <u>Lam</u> court concurred with the holding of several cases that permitted modification of secured creditor's claims that were wholly unsecured. <u>Id.</u> At 41. See also, <u>In re Zimmer</u>, 313 f.3d (9th Cir. 2002).

Yet another California case has a similar holding to <u>In re Lam</u>. The Court in <u>In re Geyer</u> sustained the debtor's motion to avoid a lien brought under Bankruptcy Code Section 506(d) and held that a Chapter 13 debtor may strip off a lien on his or her primary residence when the lien holder's interest is totally unsecured,

-7-

stating that:

> [T]he term 'secured claim' as used in section 1322(b)(2) has the same meaning as the term "secured claim" in section 506(a). Unless there is some equity to which the creditor's lien attaches, there is no allowed secured claim and no entitlement to the protection against modification contained in section 1322(b)(2). A chapter 13 debtor may 'strip-off' a lien on his or her primary residence under the plan or under section 506(d) when the lien holder's interest is totally unsecured. In re Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

The Court's ruling in the case at bar should be unaffected by the landmark Supreme Court case in Nobleman. In Nobleman, Justice Thomas held that Code Section 1322(b)(2) prohibits splitting an undersecured home mortgage holder's claim into its secured and unsecured portions for purposes of confirmation of a Chapter 13 Plan. Nobleman, 13 S.Ct. 2106. Unlike the case at bar, in Nobleman, the lien to be stripped was the holder of the first deed of trust for $71,335.00, and the debtor's principal residence was worth $23,500.00. Thus, the bank's claim was at least partially secured by the debtor's home. In the case at bar, the lien to be voided is not the first but the second deed of trust. Further, there can be no reasonable contention that any part of the second deed of trust is secured. Thus, the facts, reasoning and holding of Nobleman are inapplicable to the case at bar.

Because Respondent possesses a wholly unsecured lien on the debtor's home and does not have an allowable secured claim, Respondent cannot seek protection from modification under 11 U.S.C. §1322(b)(2) and the debtor may modify the claim and extinguish Respondent's lien.

In the case at bar, the real property to be retained in the Chapter 13 Plan was originally the debtor's principal residence.

-8-

1  The value of the Property is only $575,000.00, yet the value of the
2  first deed of trust is at least $990,000.00.  See Fahimdejban
3  Declaration, **Exhibit "A"** (valuation).  Please also see, Aquilar
4  Declaration, **Exhibit "A"**, attached hereto incorporating by
5  reference Ocwen's billing statement and business record.  Thus,
6  the secured interest of the second deed of trust is zero since
7  there is absolutely no equity to which the second deed of trust
8  can attach.  Therefore, the second deed of trust should be
9  extinguished, reconveyed, and treated as unsecured for purposes of
10 the instant Chapter 13 proceeding.

## IV.

### CONCLUSION

WHEREFORE, based on the foregoing statutory and decisional authority, the debtors respectfully request that the Court grant this motion and issue an Order that the *junior lien* held by Respondent, Bank of America, N.A., its assignees, transferees and/or subsequent successors in interest, if any, is ordered extinguished and reconveyed upon the successful completion of the debtor's Chapter 13 plan and subsequent Chapter 13 discharge, and deemed an unsecured claim in the instant proceeding and that the debtor be excused from making further payments under Respondent's note.

Dated:    June 10, 2010

Respectfully Submitted,

LAW OFFICES OF TODD J. ROBERTS

By: _____
Todd J. Roberts
Attorney for Debtor/Movant

**DECLARATION OF LEONARDA G. AGUILAR IN SUPPORT OF**

**MOTION TO EXTINGUISH JUNIOR CONSENSUAL LIEN OF**

**BANK OF AMERICA, N.A., et al.**

**U.S.B.C. CASE NO.: SV 10-14247 KT**

I, LEONARDA AGUILAR, declare:

I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts:

1. I am the debtor in the herein Chapter 13 Bankruptcy, case no. SV 10-14247 KT, filed on April 13, 2010.

2. I am the owner of real property, a single family residence located at 13781 Eldridge Avenue, Sylmar, CA 91342 (the "subject property") more particularly described as:

> **The Maclay Rancho NW 172.87 FT of SE 1037.23 FT of NE 630 FT(EX of ST) APN: 2503-010-029**

3. I purchased the subject property in or around April, 2006. The subject property is my primary residence.

4. The First Mortgage on the subject property is held by Ocwen Loan Servicing, LLC (hereinafter "Ocwen") secured by a First Deed of Trust under loan number 0020091252. A true and correct copy of Ocwen's most recent billing statement and business record in my possession which I personally received in the mail dated December 17, 2008 reflecting a principal balance of $990,732.14 along with a true and complete copy of the first 3 pages of Ocwen's Deed of trust is incorporated by reference herein as **Exhibit "A."** I do not dispute that my loan balance is at least $990,732.14 as of

1  the petition date.

2  5.  The Second Mortgage/ junior lien on the subject
3  property is held by Bank of America, N.A. (hereinafter
4  "Respondent") secured by a junior Deed of Trust under loan number
5  131139998. A true and correct copy of Respondent's most recent
6  billing statement and business record I personally received in the
7  mail dated February 20, 2009, reflecting a total pay off balance of
8  $119,969.76 is attached hereto and is incorporated by reference
9  herein as **Exhibit "B."** [1]

10  6.  On or about March 11, 2009, I hired an California
11  licensed appraiser, Shahram Fahimdejban who conducted a physical
12  inspection of the subject property and prepared an appraisal which
13  I later reviewed.

14  7.  The report noted that the value was $575,000.00. I
15  concur and defer to his expert opinion as to the valuation of the
16  subject property.

17  8.  I am respectfully requesting the court to determine the
18  value of the subject property to be $575,000.00, or alternatively,
19  no greater than $640,000.00 (a 10% increase from the March, 2009
20  appraisal attached herein) and that the secured status of the
21  Respondent's claim be deemed to be wholly unsecured and therefore
22  subject to being extinguished upon completion of my proposed
23  Chapter 13 plan and subsequent Chapter 13 discharge.
24  ///
25  ///
26

---

27  [1] The statement is identified as Countrywide Home Loans, who is the
28  predecessor in interest to Respondent, Bank of America, N.A.

-2-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed at Los Angeles, California on this 7th day of June, 2010.

_L. Guadalupe Aguilar_
Leonarda G. Aguilar, Debtor

- 3 -